IN THE MATTER OF THE ESTATE OF ELLA E. HARR, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued March 27, 1950—Decided May 3, 1950.

4

Before Judges Jacobs, McGeehan and Eastwood.

*Mr. Emerson Richards* argued the cause for appellants (*Mr. Isaac H. Nutter,* attorney).

*Mr. H. Albert Hyett* argued the cause for respondent.

Per Curiam. The judgment, entered in the County Court, denied probate of a paper writing dated April 30, 1949, offered for probate as the last will and testament of Ella E. Harr, and the proponents Carrie Lee Hamilton and Thomas Francis Lee appeal.

Ella E. Harr became ill on April 26, 1949, and died on May 1, 1949, at the age of 87 years, leaving as heirs at law and next of kin one brother, Seth Cuff, two nephews and eight nieces. Under the writing of April 30, 1949, Carrie Lee Hamilton, a niece, and Thomas Francis Lee, a nephew, were the beneficiaries and Carrie Lee Hamilton was named executrix. A caveat was filed by Elizabeth Hensyl, a cousin, against probate of any papers purporting to be the last will and testament of Ella E. Harr, other than the last will and testament dated October 31, 1947, offered for probate by the caveatrix, in which she was named executrix and sole beneficiary.

The learned judge below found that there had not been sufficient proof adduced to prove lack of mental capacity, but

refused probate on the ground that the alleged will of April 30, 1949, was the product of undue influence.

Ella Harr, a widow, lived in her own home. Elizabeth Hensyl, the caveatrix, had come to live with her about two and one-half years before decedent's death. Thomas Lee, her nephew, lived in an adjoining house and Carrie Hamilton, her niece, lived a short distance away. The will was executed in decedent's home at about noon Saturday, April 30, 1949. Present at the execution were the decedent; two friends, Sarah E. Brown and Helen A. Blackman, who acted as witnesses; her brother, Seth Cuff; her nephew, Thomas Lee; and other friends. Elizabeth Hensyl and her son were in the home at the time and knew that the will was being executed, but neither of them chose to be present at the execution.

While the decedent's mind may have been so enfeebled that she would be easily subject to influence, we find no evidence that any influence was exerted. The two beneficiaries under the will were heirs and next of kin of the decedent. There was no proof that any relationship of trust or confidence existed between decedent and either beneficiary; that either beneficiary induced, participated in the preparation of, or procured the execution of the will; that any person was excluded at the time of the execution of the will or at any other time; or that there was any effort to conceal the fact that the will was being executed or that it had been executed. In fine, there was no proof to support an inference that the beneficiaries exercised any control over the acts of the decedent.

To be undue, the influence must be such as to destroy the free agency of the person over whom it is exerted. *In re Nixon,* 136 *N. J. Eq.* 242 (*E. & A.* 1945); *Cf.* 1 *Page on Wills,* § 183 (*3rd Ed.* 1941). Evidence which raises a mere suspicion of undue influence or which merely shows an opportunity to exert it, is insufficient. 2 *Page on Wills,* § 815 (*3rd Ed.* 1941); *Cf. Howell v. Taylor,* 50 *N. J. Eq.* 428 (*Prerog.* 1892).

The judgment is reversed.